**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CASANOVA HAMBRICK,
         Appellant,

      v.

UNITED STATES POSTAL SERVICE,
         Agency.

DOCKET NUMBER
DC-0752-14-0454-C-2

DATE: January 6, 2017

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gale Robert Thames</u>, Washington, D.C., for the appellant.

<u>Janelle M. Sherlock</u>, Atlanta, Georgia, for the agency.

<u>Tanisha J. Locke</u>, Charlotte, North Carolina, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        On February 14, 2014, the appellant filed a Board appeal of the agency's February 11, 2014 decision to remove him for alleged misconduct.  *Hambrick v. U.S. Postal Service*, MSPB Docket No. DC-0752-14-0454-I-1, Initial Appeal File (IAF), Tab 1.  In August 2014, while the appeal was still pending, the appellant voluntarily retired.  *Hambrick v. U.S. Postal Service*, MSPB Docket No. DC-0752-14-0454-C-1, Compliance File (CF-1), Tab 4 at 4.  On November 6, 2014, the parties entered into a settlement agreement that resolved the appeal.  IAF, Tab 24.  The following day, the administrative judge dismissed the appeal as settled and informed the parties that the settlement agreement had been entered into the record for enforcement purposes.  IAF, Tab 25, Initial Decision.  The initial decision became final when neither party filed a petition for review.

¶3        On September 21, 2015, the appellant filed a petition for enforcement, in which he alleged that the agency incorrectly calculated his gross back pay, made improper deductions from his back pay award, and failed to deposit his Thrift Savings Plan contributions into the correct fund.  CF-1, Tabs 1, 4.  On October 21, 2015, the administrative judge issued a compliance initial

decision finding the agency in compliance and denying the petition for enforcement. CF-1, Tab 6, Compliance Initial Decision. The appellant filed a petition for review, in which he made additional allegations of noncompliance, and on March 7, 2016, the full Board issued a final order denying the appellant's petition for review and forwarding his new allegations of noncompliance for processing as a new petition for enforcement. *Hambrick v. U.S. Postal Service*, MSPB Docket No. DC-0752-14-0454-C-1, Final Order (Mar. 7, 2016); *Hambrick v. U.S. Postal Service*, MSPB Docket No. DC-0752-14-0454-C-2, Compliance File (CF-2), Tab 1. The U.S. Court of Appeals for the Federal Circuit affirmed the Board's decision on appeal. *Hambrick v. U.S. Postal Service*, No. 2016-1986, 2016 WL 5860379, (Fed. Cir. Oct. 7, 2016).

¶4      On June 8, 2016, the administrative judge issued an initial decision denying the appellant's second petition for enforcement. CF-2, Tab 6, Compliance Initial Decision. This petition for review followed. Compliance Petition for Review (CPFR) File, Tab 1. The agency has responded. CPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      In his petition for review, the appellant does not dispute that the agency is in now in compliance regarding the issues raised in his second petition for enforcement. CPFR File, Tab 1 at 1. Specifically, he agrees that the agency has paid him $156.00 per the terms of the settlement agreement, and correctly adjusted his annual leave and pay for pay period 17 of 2003. *Id*. However, he contends that he is entitled to compensatory damages because of the agency's delay in bringing itself into compliance. *Id*. He further alleges that the agency failed to comply with the back pay provisions at 5 C.F.R. § 550.805, and also violated the Employee and Labor Relations Manual (ELM), section 651.4, concerning emergency placement in off-duty status. CPFR File, Tab 1 at 1.

¶6      Regarding the appellant's request for compensatory damages, the Board has no authority to award damages for the breach of a settlement agreement. *Principe*

*v. U.S. Postal Service*, 101 M.S.P.R. 626, ¶ 3 (2006).  To the extent the appellant contends that the agency miscalculated his back pay, that matter was decided on the merits in his first petition for enforcement, and he is precluded from relitigating the issue.  *See Senyszyn v. Department of the Treasury*, 113 M.S.P.R. 453, ¶¶ 9, 12 (2010) (applying the doctrine of res judicata to dismiss the appellant's petition for enforcement when the Board had previously issued a final judgment on the merits concerning the identical back pay claim).  The appellant's claim that the agency violated the emergency leave provisions of the ELM has no apparent relevance to the matter at issue in this proceeding, i.e., the agency's compliance with the settlement agreement.  Accordingly, we find no basis for disturbing the compliance initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                     _____
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.